UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:08-cr-0181-JPH-MG |
| | ) | |
| CHARLES MILLER, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable James P. Hanlon, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on April 15, 2022, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on May 18, and June 8, 2022, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On May 18, and June 6, 2022, defendant Charles Miller appeared in person with his appointed counsel, Joseph Cleary. The government appeared by Lindsay Karwoski, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer James Thomas, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Miller of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Miller questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Miller and his counsel, who informed the court they had reviewed the Petition and that Mr. Miller understood the violations alleged. Mr. Miller waived further reading of the Petition. The court summarized the allegations.

3. The court advised Mr. Miller of his right to a preliminary hearing and its purpose. Mr. Miller was advised of the rights he would have at a preliminary hearing. Mr. Miller requested the court to proceed with a preliminary hearing. Mr. Cleary also advised that Mr. Miller no longer wanted counsel to represent him and that he wanted to proceed pro se. The court questioned Mr. Miller and advised him consistent with *Faretta v. California*, 422 U.S. 806 (1975). Mr. Cleary agreed, with Mr. Miller's assent, to serve as standby counsel.

4. The court proceeded with the preliminary hearing. The United States presented United States Probation Officer James Thomas, who was sworn as a witness and gave testimony on direct and cross-examination. On the basis of the evidence presented, the court found probable cause.

5. The court advised Mr. Miller of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear. The court proceeded with the hearing.

6. The parties stipulated that all evidence presented at the preliminary hearing would be incorporated for purposes of the hearing. Mr. Miller advised that he wanted to be represented by Mr. Cleary again. Mr. Cleary then proffered as additional evidence that there was a factual basis for the violations and that violation number 2 was unintentional and involved a brief encounter on an elevator.

7. Having considered all the evidence, the court found that Mr. Miller committed violations 1 and 2 in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer."** |
|  | On February 28, 2022, Mr. Miller was unsuccessfully terminated from the psychosexual treatment program at the Indianapolis Counseling Center as the provider noted concerns with his interaction with the clinician in group, lack of engagement in services, as well as a perceived need for mental health services. It was recommended by the provider that Mr. Miller seek mental health counseling before returning to psychosexual treatment, which he has refused. It should be further noted, Mr. Miller has expressed to this officer he has no intentions of complying with any polygraph examinations where he will be questioned about his past or prior conduct. |
| 2 | **"The defendant shall not have any unsupervised contact with any minor child, unless the contact has been disclosed to and approved by the probation officer. In determining whether to approve such contacts involving members of the defendant's family, the probation officer shall determine if the defendant has notified the person having custody of such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and fi the person having custody consents to the contact then this condition is not intended to prevent approval of the contact."** |

> On March 12, 2022, Mr. Miller admitted during his polygraph examination to being alone in an elevator with a minor female child while attending church. On March 31, 2022, he was confronted by the probation officer and made the same admission. He had not been approved by the probation officer to have contact with any minor child.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Miller's criminal history category is I.

   (c) The range of imprisonment applicable upon revocation of Mr. Miller's supervised release, therefore, is 3 - 9 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The court set a disposition hearing for May 25, 2022, which was later continued to June 6, 2022.

10. The government argued for a modification to include the recommendations of the United States Probation Office at Dockets 38 and 41, including mental health evaluation and treatment. The defendant objected to mental health evaluation and treatment and argued that his supervised release should be terminated.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, CHARLES MILLER, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **MODIFIED** to include following condition:

> "You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. You shall sign all applicable releases of information as required to allow the probation officer to communicate with the provider. The

court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."

"You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision."

"You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court."

"You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above."

"You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18. "

"You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer."

"You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: sexual disorder assessment/treatment, physiological testing, and computer monitoring systems. The probation officer shall determine your ability to pay and any schedule of payment."

The Defendant is to be released on modified conditions of supervised release pending the district court's action on this Report and Recommendation.

The undersigned Magistrate Judge that the District Court may refuse to adopt her Report and Recommendation and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.*

and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying Mr. Miller's supervised release to include:

> "You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. You shall sign all applicable releases of information as required to allow the probation officer to communicate with the provider. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."

> "You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision."

> "You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court."

> "You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above."

> "You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18. "

"You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer."

"You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: sexual disorder assessment/treatment, physiological testing, and computer monitoring systems. The probation officer shall determine your ability to pay and any schedule of payment."

The Defendant is to be released pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 6/21/2022

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system